935 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ZEIGLER CONSTRUCTION COMPANY, INCORPORATED, Plaintiff-Appellee,
v.
PARKSON CORPORATION, Defendant-Appellant.
 No. 90-1516.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-90-960-3-6)
 Wallace K. Lightsey, Wyche, Burgess, Freeman & Parham, P.A., Greenville, S.C., for appellant.
 J. Richard Kelly, Leatherwood, Walker, Todd & Mann, P.C., Greenville, S.C. (argued) for appellee; Natalma M. McKnew, Leatherwood, Walker, Todd & Mann, P.C., Greenville, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Parkson Corporation appeals from the district court's finding that they were compelled to arbitrate their suit with Zeigler Construction Company, Inc., and the court's confirmation of the arbitrator's award rendered in the arbitration proceeding. Parkson maintains that the district court erred in compelling arbitration, and therefore, the award should be vacated. Finding no error, we affirm.
 
 I.
 
 2
 Zeigler was the prime contractor on a project to upgrade a waste water treatment facility for the town of Williamston, South Carolina. The plans and specifications for the project were prepared by Enwright Associates, Inc., and were bound in a single volume which included the American Institute of Architects' General and Federal Supplementary Conditions of the Contract for Construction; other special conditions; Environmental Protection Agency conditions; and detailed specifications of the project. Included in the plans and specifications is an arbitration clause which stated:
 
 
 3
 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof ... shall be decided by arbitration....
 
 
 4
 By a proposal letter and an acknowledged Zeigler Purchase Order, Statiflo International, Inc. contracted with Zeigler to provide enclosed screw pumps and services on those pumps for the project. In its proposal, Statiflo stated that it had reviewed the plans and specifications and would supply the two ScrewLift Pumps in compliance with the engineer's specifications.
 
 
 5
 Statiflo's proposal to Zeigler included on-site services of a Statiflo technical representative during installation, pump setting, grout placing, start-up and testing. The pumps were installed in the early Spring of 1988. In May, 1988, Statiflo went into receivership. On June 8, 1988, the appellant, Parkson Corporation, purchased certain assets from Statiflo's receiver, including the contract between Statiflo and Zeigler.
 
 
 6
 Zeigler was informed of Parkson's purchase of the contract in June. At that time a former Statiflo engineer who remained with Parkson wrote to Zeigler that Parkson would complete, support and warranty outstanding Statiflo projects, and in return Parkson would expect to be paid the outstanding receivable. At the time of Parkson's purchase, Statiflo had not provided the technical services on the project that it had agreed to provide.
 
 
 7
 The parties attempted to make the pumps operational, but there were repeated ring and bearing failures. In November, 1988 the drive shaft of one of the pumps failed. At that time Parkson demanded immediate payment on their receivable. Zeigler sent a check to Parkson but then stopped payment on the check. Zeigler then sent a letter to Parkson rejecting the pumps.
 
 
 8
 Parkson sued Zeigler for the money owed under the receivable in Florida but the case was dismissed because there was no personal jurisdiction over Zeigler. Zeigler then brought suit in the United States District Court for the District of South Carolina for damages against Parkson, claiming that Statiflo had breached its contract with Zeigler and that Parkson, through its assumption of the rights and obligations of Statiflo under the contract, was bound to respond for these damages. Zeigler sought to enforce the arbitration provisions of the contract against Parkson in the district court.
 
 
 9
 Parkson answered and counterclaimed for the amount owed on the receivable and denied the allegation that it was bound to arbitrate. The district court ordered arbitration holding that federal policy favors arbitration and that the contract between Zeigler and Statiflo incorporated the arbitration provision in the General Conditions of the contract between Zeigler and the City of Williamston. The court found that the arbitration provision was binding on Parkson as Statiflo's successor in interest. The arbitrator issued an award in Zeigler's favor in the amount of $96,670. The award was affirmed by the district court pursuant to 9 U.S.C. Sec. 9. Parkson appeals the district court's ruling.
 
 II.
 
 10
 Parkson argues that it did not have an obligation to arbitrate because the contract between Zeigler and Statiflo did not contain an arbitration clause and, even if it did, Parkson did not assume the obligations Statiflo had to Zeigler but only purchased Statiflo's receivables. Parkson further argues that the oral agreement with Zeigler did not contain an arbitration clause.
 
 
 11
 The contract between Statiflo and Zeigler incorporated the arbitration provision in the plans and specifications. Statiflo was on notice of the arbitration clause when it certified to Zeigler that it had reviewed the plans and specifications and would provide the screw pumps in accordance with them. An arbitration clause can be incorporated into a subcontract by reference. Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974 (4th Cir.1985). The district court in its order compelling arbitration held that the arbitration clause had been incorporated into the contract between Zeigler and Statiflo and we agree. The arbitration clause in the primary contract was a material provision of that contract. It was as important a component of the contract as provisions dealing with the specifications and performance of the pumps themselves. Statiflo bound itself to all of the material provisions of the contract with Zeigler, including arbitration.
 
 
 12
 We are satisfied that as between Zeigler and Statiflo, the arbitration provisions of the primary contract are binding and enforceable.
 
 
 13
 When Parkson purchased Statiflo's receivables, it became Statiflo's successor in interest. Parkson's role as Statiflo's successor was confirmed by the President and Chief Executive Officer of Parkson in an affidavit filed in the original action in Florida in which he stated that "Parkson had virtually 'stepped into the shoes' of [Statiflo]." Parkson took over all of Statiflo's obligations including the obligation to arbitrate any disputes.
 
 
 14
 Once it is determined that the parties are bound to arbitrate, the arbitrator's resolution of the contract dispute controls. We agree with the district court that the Statiflo-Zeigler contract incorporated the Enwright Associates specifications which included the arbitration provisions, and that Parkson was the successor in interest to Statiflo's written contract with Zeigler. The written contract between Statiflo and Zeigler governs the Zeigler-Parkson relationship. Accordingly, we affirm the district court's ruling.
 
 
 15
 AFFIRMED.